UNITED STATES DISTRICT COURT
EASTERN DISTRICT NEW YORK



```
                                              05      2082
Jiangsu Changlong Chemicals Co., Ltd.,

            Plaintiff,                                FILED WEXLER, J.
                                    Civ. No.      IN CLERK'S OFFICE
      - against -                                 U.S. DISTRICT COURT E.D.N.Y.

Burlington Bio-Medical & Scientific                 ★  APR 28 2005  ★
Corporation,                                        BROOKLYN OFFICE

            Defendant.

----------------------------------- x
                                                    WALL, M.J.
```

## COMPLAINT

Plaintiff Jiangsu Changlong Chemicals Co., Ltd. ("Changlong"), by its

undersigned counsel, for its complaint, respectfully alleges as follows:

### NATURE OF THE ACTION

1.     This is an action to confirm and enforce a foreign arbitration award pursuant to

the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the

"Convention"), codified at 9 U.S.C. §§ 201-08. In an arbitration award rendered in Beijing,

China on June 23, 2004, and amended on July 7, 2004 (as amended, the "Arbitration Award"),

the China International Economic and Trade Arbitration Commission (the "Arbitration

Tribunal") held defendant Burlington Bio-Medical & Scientific Corporation ("Burlington")

liable to plaintiff Changlong for the breach of eight contracts for the purchase of an insecticide

called Carbaryl. The Arbitration Tribunal awarded Changlong $1,775,880 in damages, together

with post-award interest at the rate of 6% per annum; and RMB 718,412 (currently about

$86,800) in legal fees and arbitration fees, together with post-award interest at the rate of 5% per

annum. Because the defendant has refused to comply with its payment obligations pursuant to

the Arbitration Award, Changlong seeks to convert the Arbitration Award into a United States judgment and to recover the amount defendant owes it thereunder, including costs incurred by plaintiff in its attempts to enforce said judgment, interest accruing from the deadline for payment of the Award (as ordered by the Arbitration Tribunal), and costs and fees related to this action.

## PARTIES

2.      Plaintiff Changlong is a limited liability company duly organized and existing under the laws of the People's Republic of China, with its principal place of business at Longhutang, Xinbei District, Changzhou, Jiangsu, China.

3.      Defendant Burlington is a New Jersey corporation with its principal place of business at 71 Carolyn Boulevard, Farmingdale, New York 11735.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 9 U.S.C. § 203 and 28 U.S.C. § 1331.

5.      This Court has personal jurisdiction over defendant because defendant's principal place of business is in this district, and because defendant entered, benefited from and breached all of the contracts at issue in this district.

6.      Venue is proper in this district under 9 U.S.C. § 204 because "save for the arbitration agreement[s] an action or proceeding with respect to the controversy between the parties could be brought" in this district, and under 28 U.S.C. § 1391(b)(1) and (2) because defendant resides in this district pursuant to 28 U.S.C. § 1391(c) and a substantial part of the events or omissions giving rise to plaintiff's claim occurred in this district.

## BACKGROUND

7.      This case is straightforward:  defendant purchased Carbaryl from Changlong under eight agreements; made partial payment on one of the agreements and no payment on the

other seven; was held liable to plaintiff for these breaches in mandatory and binding arbitration in China; and has refused to pay the more than $1.8 million which it owes Changlong as a result of its breaches. The Arbitration Award should be recognized and enforced.

### The Agreements

8.        In 2002, the parties entered a number of similar written agreements under which Burlington agreed to purchase Carbaryl from Changlong. Eight of those agreements are at issue here: (i) contract JCC-02161 (dated May 9, 2002); (ii) contract JCC-02222 (dated July 23, 2002); (iii) contract JCC-02223 (dated July 23, 2002); (iv) contract JCC-002224 (dated July 23, 2002); (v) contract JCC-02225 (dated July 23, 2002); (vi) contract JCC-02250 (dated September 4, 2002); (vii) contract JCC-02251 (dated September 4, 2002); and (viii) contract JCC-02251-1 (dated October 10, 2002) (collectively, the "Agreements"). Pursuant to Article IV of the Convention, the original Agreements are annexed hereto as Exhibit A.

9.        Each of the Agreements, *inter alia*, specified that Changlong would sell Burlington a designated quantity of Carbaryl at a price listed therein, and included terms governing shipping, timing, payment and all other relevant details of the transaction.

10.        Each of the Agreements also contained an identical arbitration provision, stating in both Chinese and English:

> All dispute (*sic*) in connection with this Sales Confirmation or the execution thereof shall be amicably settled through negotiation. In case no settlement can be reached between the two parties, the case under disputes (*sic*) shall be submitted to the China International Economic and Trade Arbitration Commission for arbitration. The arbitration shall take place in Beijing, China and shall be executed in accordance with the Provisional Rules of Procedure of the said Commission and the decision made by the Arbitration Commission shall be accepted as final and binding upon both Parties. The fees for arbitration shall be borne by the losing Party unless otherwise awarded.

11.     Changlong fully performed its obligations under each of the Agreements, timely delivering Carbaryl as required thereunder.

**Defendant's Breaches**

12.     On August 16, 2002, defendant's Chief Executive Officer, Brian Miecnikowski, sent an email to Changlong claiming that, due to a "severe drought" in the United States, defendant had "a much greater supply of Carbaryl inventory than our company projected." He requested the postponement of certain payments due on August 29, 2002, for sixty days.

13.     On August 23, 2002, defendant made a partial payment under the first of the Agreements (JCC-02161), paying $248,400 of the $414,000 balance thereunder. This was the only payment that defendant ever made under any of the Agreements.

14.     On October 25, 2002, Mr. Miecnikowski emailed again, requesting a further extension of the amounts then due and owing to Changlong based on "a temporary cash flow position for us created by the delays in ordering of Carbaryl by our largest customer." Mr. Miecnikowski subsequently sent at least two more communications, requesting additional extensions while promising to make partial interim payments of defendant's balance.

15.     On November 15, 2002, Roger Brown, President of a subsidiary of defendant, emailed Changlong reporting that Mr. Miecnikowski had died; stating that Mr. Brown would be assuming his duties and that defendant would pay all amounts due and owing; and requesting some additional time to address the matter.

16.     On November 26, 2002, Mr. Brown sent another email claiming that because Mr. Miecnikowski was the authorized signatory on Burlington's bank account, "the bank and the lawyers have taken the opportunity [of Mr. Miecnikowski's death] to tie up the companies (*sic*) money and resources," further delaying the company's efforts to meet its obligations. As a gesture of good faith, Mr. Brown wrote, he intended to wire partial payment from the personal

funds of Dominick Sartorio (upon information and belief the Chief Executive Officer of defendant's parent company) and himself on the following day. He never did so.

17.     Changlong contacted defendant multiple times in connection with defendant's delayed payments. In a letter dated November 27, 2002, Mr. Jing Daxiong, President of Changlong, advised Mr. Brown that Burlington's delays had caused Changlong serious financial problems, and requested payment of all outstanding debts within the month of November.

18.     On December 6, 2002, defendant responded by email, stating that it could pay $165,000 within the above period, but that it would need an additional 75 days to make the remaining payment. Defendant never paid made the promised $165,000 payment.

19.     On December 11, 2002, Mr. Jing wrote another letter to Mr. Brown, again inquiring about the payments. He informed Mr. Brown that Changlong had been forced to stop production as a result of Burlington's delays, and that Changlong required payment immediately in order to make year-end salary payments to its employees. He demanded that all current debts be paid by December 20, 2002.

20.     Despite defendant's repeated promises and requests for additional time, it did not make any of the payments by the extended deadline and has not paid them to date. Its outstanding balance under all eight agreements is $1,775,880.

#### The Arbitration

21.     On August 21, 2003, Changlong initiated arbitration proceedings against Burlington before the Arbitration Tribunal in accordance with the arbitration provisions in the eight Agreements. Changlong sought (i) $1,775,880 in satisfaction of defendant's payment obligations under the Agreements; (ii) $1,525,510.80 pursuant to a provision in each of the Agreements requiring that Burlington pay a penalty of 3% of the amount due per day to Changlong in the event of a late payment; and (iii) arbitration fees and attorney's fees in

connection with the arbitration, in accordance with the arbitration provisions in the Agreements and the Arbitration Tribunal's procedural rules.

22.     Defendant participated fully in the arbitration proceedings, made no challenge to the jurisdiction of the Arbitration Tribunal, and defended itself at the arbitration hearing held in Beijing on February 17, 2004. As stated in the Arbitration Award, both parties "assigned their arbitration agents to appear at the hearing. Agents of both parties stated facts and set forth their respective opinions before the Arbitration Tribunal, and debated and answered questions asked by the Arbitration Tribunal." Both parties also made written submissions to the Tribunal following the hearing.

23.     Defendant argued in the arbitration proceedings that it had failed to make payment under the eight Agreements, not for any of the reasons it had previously claimed (drought, financial hardship, death of its CEO), but because Changlong had allegedly violated an earlier "Cooperation Agreement" between defendant and Changlong's predecessor, the Changzhou Pesticides Factory. Defendant argued that Changlong's prices were too high, in violation of the Cooperation Agreement's provision stating that Changzhou would provide Carbaryl to defendant at "a competitive price."

**The Arbitration Award**

24.     The Arbitration Tribunal issued the Arbitration Award on June 23, 2004. It issued an Amendment correcting certain typographical errors in the Arbitration Award on July 7, 2004. Pursuant to Article IV of the Convention, certified copies of the Arbitration Award and the Amendment and certified translations of both the Arbitration Award and the Amendment are annexed hereto as Exhibit B.

25.     As found in the Arbitration Award, "both parties expressed no disagreement about the facts concerning the delivery and payment of the goods" under the eight Agreements.

26.     The Award further stated that the three-member Arbitration Tribunal, "upon internal discussion, reached its verdict based on the materials submitted by the two parties and the hearing."

27.     In the Arbitration Award, the Arbitration Tribunal (i) concluded that Burlington had breached each of the Agreements and was liable to Changlong in the amount of $1,775,880; (ii) rejected Burlington's defense concerning the Cooperation Agreement (on grounds that the eight Agreements were independent, valid and enforceable contracts; defendant, "a merchant engaging in normal trading business," made orders for Carbaryl and entered contracts specifying the agreed-to prices; defendant never raised its new pricing argument at any point in the many communications about the delayed payments; and defendant failed to submit the Cooperation Agreement or otherwise prove its defense); (iii) denied the penalty of $1,525,510.80 sought by Changlong (on the ground that Changlong had failed to submit proof that the penalty provision complied with Chinese law); and (iv) required Burlington to pay Changlong RMB 400,000 for legal fees relating to the arbitration and 80% (or RMB 318,412) of the arbitration fees.

28.     Under the Arbitration Award, Burlington was required to pay the aforesaid amounts within 45 days of the Award, or by August 7, 2004. The Arbitration Award further provided that: "If the payment is delayed, the Respondent should bear additional interest at 6% per year for the payment in US dollars and additional interest at 5% per year for payment in RMB."

29.     Burlington has not made any payment to Changlong since the issuance of the Award.

## FIRST CLAIM FOR RELIEF:
## RECOGNITION AND ENFORCEMENT OF FOREIGN ARBITRAL AWARD

30. Plaintiff repeats and realleges paragraphs 1 through 29 as if fully set forth at length herein.

31. Plaintiff and defendant entered into the eight Agreements at issue, which were valid and binding contracts.

32. The Agreements provided for binding arbitration of disputes relating thereto before the Arbitration Tribunal.

33. Plaintiff fully performed, and defendant breached, each of the Agreements.

34. Plaintiff and defendant submitted to arbitration before the Arbitration Tribunal. Defendant appeared and defended itself in these proceedings.

35. The Arbitration Tribunal rendered an Arbitration Award finding defendant liable for the sum of its non-payments under the Agreements, as well as attorney's fees and arbitration fees. It further assessed post-Award interest in connection with these sums.

36. The Arbitration Award was rendered by the Arbitration Tribunal in conformity with the parties' arbitration agreements and all international due process requirements, including proper subject matter and personal jurisdiction.

37. The Award is final and binding under Chinese law, and therefore recognizable and enforceable in this jurisdiction. It has not been set aside or challenged by Defendant.

38. Defendant has failed and refused to obey the Award. Changlong has not received nor has it been able to collect any money from the defendant pursuant to said Arbitration Award.

WHEREFORE, Plaintiff Changlong demands judgment:

      (i)     recognizing and enforcing the Arbitration Award in the United States;

8

     (ii)     awarding Changlong $1,775,880, together with interest of 6% per

annum accruing from August 7, 2004 through the date judgment is

entered by this Court, as provided by the Arbitration Award;

     (iii)    awarding Changlong RMB 718,412, together with interest of 5%

per annum accruing from August 7, 2004 through the date

judgment is entered by this Court, to be converted into U.S.

currency under the conversion rate prevailing as of the date of

payment and paid in such currency, reflecting the arbitration fees

and legal fees and interest thereon awarded to plaintiff in the

Arbitration Award;

     (iv)    awarding Changlong the costs of this action, including attorneys'

fees; and

     (v)     awarding Changlong such other and further relief as the Court

deems just, proper, and equitable.

Dated: New York, New York
April 28, 2005

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: _____

Robert D. Balin (RDB-5847)
James E. Rosenfeld (JR-2256)
1633 Broadway
New York, New York 10019
(212) 489-8230

*Attorneys for Plaintiff Changlong*

Ex A

TO: Mrs. Debbie Pulendro

# JIANGSU CHANGLONG CHEMICALS CO.,LTD.

ADD:LONGHU TANG,NEW DISTRICT OF CHANGZHOU,JIANGSU,CHINA

TEL:86 519 5480001/5483260    FAX:86 519 5481166/55/5210023    E-mail:cnwjk@public.cz.js.cn

## SALES CONTRACT

Date:May 9,2002
No: JCC-02161
Signed at Changzhou

卖方: The Sellers: Jiangsu Changlong Chemicals Co.,Ltd.
　　　Longhu Tang, New District of Changzhou, Jiangsu, P. R. China 213031
买方: The Buyers: Burlington Bio-Medical & Scientific Corp.
　　　71, Carolyn Blvd., Farmingdale, NY 11735, USA
兹经买卖双方同意成交下列商品订立条款如下:
The undersigned Sellers and Buyers have agreed to close the following transactions according to the terms and conditions stipulated below:

商品名规格: Commodity and specification: CARBARYL 99-325



　　　　　　　　　Carbaryl 99% Tech 325 Mesh
　　　　　　　　　content----99.0%min (EPA, HPLC)
　　　　　　　　　2-naphthol------0.05%max
　　　　　　　　　2-naphthyl methylcarbamate-----0.05%max
　　　　　　　　　loss of drying-----1.0%max
　　　　　　　　　particle size(325mesh)-----98%min pass
　　　　　　　　　Appearance: off white to white fine powder.

包装: PACKING: in 300Kg super bag, 900kgs/palette, 9000kgs/20'FCL
数量: QUANTITY: 90000.00kgs
单价: UNIT PRICE: USD4.6/kg CIF Chicago, IL, USA.
总值: AMOUNT: USD414000.00 Only (Say USD Four Hundred Fourteen Thousand Only)
装运港: LOADING PORT: Shanghai, China.
卸货港: PORT OF DISCHARGE; Long Beach, CA, USA.
目的口岸: PORT OF DESTINATION: Chicago, IL, USA.
分批装运: PARTIAL SHIPMENT: ALLOWED.
转船: TRANSSHIPMENT: ALLOWED.
装运期限: TIME OF SHIPMENT: Not later than June 1, 2002.
装运麦头: SHIPPING MARKS: to the buyer's option.
付款方式: PAYMENT: by D/A(Documents against Acceptance) 90 days from B/L date.
保险: INSURANCE: CIF terms to be covered by the Seller at 110% of invoice value covering all risks according to clause of People's Insurance Company of China (PICC).
检验条款: 双方同意以制造商出具之分析单作为卖方向买方提交的单据之一。
INSPECTION: It is mutually agreed that the Certificates of analysis issued by the manufacturer will be part of the documents to the buyer. The content/purity of the goods will be re-inspected by the Buyer in accordance with EPA analysis methods and other specifications to be re-inspected in accordance with the analysis methodology confirmed and adopted by both parties upon its arrival in destination port. If inconsistence found in quality and quantity to the contracted goods, the Buyer is entitled to claim compensation to the Seller within 90 days form its arrival date to the destination port at the strength of inspection certificate issued by authority inspection institute such as SGS, etc.
特约条款: SPECIAL TERMS
1.　由于一般公认的人力不可抗拒原因而致不能交货或装船延迟，卖方不负责任。
The Sellers shall not be responsible for failure or delay in delivery of the entire lot or a portion of the goods under this Sales Contract in the event of any force majeure incidents.
2.　买方对下列各点所造成的后果承担全部责任: (甲) 不及时提供生产所需的规格或其他条件时; (乙) 不及时支付货款，若买方未按本合同规定支付货款，买方需向卖方支付全额货款和全部货款3%/天的罚金。
The Buyers are to assume full responsibilities for any consequences from: (a) late presentation of

# JIANGSU CHANGLONG CHEMICALS CO.,LTD.

ADD:LONGHU TANG,NEW DISTRICT OF CHANGZHOU,JIANGSU,CHINA

TEL:86 519 5480001/5483260   FAX:86 519 5481166/55/5210023   E-mail:cnwjk@public.cz.js.cn

specifications or any other details necessary for the execution of this Sale Contract; (b)late effect of payment, if the Buyer failed to execute the payment term as the S/C stipulated, the total amount together with the interests amount 3% per day must be paid by the Buyer for the Seller.

3.买方应在收到销售合同后十天内签送一份给卖方。如在此期限内不提任何异议,本销售合同即生效。凭买方定单或凭买方先前之确认而制定的销售合同,在发出后即生效,非经双方同意,不得更改或撤消。

The Buyer should sign one copy of this Sales Contract and return it to Sellers within 10 days after receipt. If nothing is proposed to the contrary within that time, this Sales Contract will be effective. Sales Contract, issued on the strength of Buyers Order or earlier confirmation, is effective immediately on its assurance and subject to neither modification nor cancellation, unless agreed upon by both Parties.

仲裁:一切因执行本销售合同所发生与本销售合同有关之争执,双方应友好协商解决。如双方协商不能解决时,此争执应提交中国国际贸易促进委员会对外贸易仲裁委员会,按照该仲裁委员会仲裁程序暂行规则进行仲裁。仲裁地点在中国北京。仲裁委员会的裁决为终局裁决,对双方均有约束力。仲裁费用除非仲裁会另有决定外,均由败诉一方负担。

Arbitration: All dispute in connection with this Sale Confirmation or the execution thereof shall be amicably settled through negotiation. In case no settlement can be reached between the two parties, the case under disputes shall be submitted to the China International Economic and Trade Arbitration Commission for arbitration. The arbitration shall take place in Beijing, China and shall be executed in accordance with the Provisional Rules of Procedure of the said Commission and the decision made by the Arbitration Commission shall be accepted as final and binding upon both Parties. The fees for arbitration shall be borne by the losing Party unless otherwise awarded.

This contract shall be written in Chinese and English versions. Both languages are equally authentic. In the event of any discrepancy between the two aforesaid versions, the Chinese version shall prevail.

买　方（The Buyer）
Burlington Bio-Medical & Scientific Corp.
Signed by:
Title:
Date:

卖　方(The Seller)
Jiangsu Changlong Chemicals Co.,Ltd.
Signed by:
Title: President
Date: May 9,2002

# JIANGSU CHANGLONG CHEMICALS CO.,LTD.

ADD:LONGHU TANG,NEW DISTRICT OF CHANGZHOU,JIANGSU,CHINA

TEL:86 519 5480001/5483260    FAX:86 519 5481166/5210023    E-mail:cnwjk@public.cz.js.cn

## SALES CONTRACT

Date:May 9,2002
No: JCC-02161
Signed at Changzhou

卖方: The Sellers: Jiangsu Changlong Chemicals Co.,Ltd.
　　　Longhu Tang, New District of Changzhou, Jiangsu, P. R. China 213031

买方: The Buyers: Burlington Bio-Medical & Scientific Corp.
　　　71, Carolyn Blvd., Farmingdale, NY 11735, USA

兹经买卖双方同意成交下列商品订立条款如下:
The undersigned Sellers and Buyers have agreed to close the following transactions according to the terms and conditions stipulated below:

商品名规格: Commodity and specification: CARBARYL 99-325

Carbaryl 99% Tech 325 Mesh
content----99.0%min (EPA, HPLC)
2-naphthol------0.05%max
2-naphthyl methylcarbamate-----0.05%max
loss of drying-----1.0%max
particle size(325mesh)----98%min pass
Appearance: off white to white fine powder.

包装: PACKING: in 300Kg super bag, 900kgs/palette, 9000kgs/20'FCL
数量: QUANTITY: 90000,00kgs
单价: UNIT PRICE: USD4.6/kg CIF Chicago, IL, USA.
总值: AMOUNT: USD414000.00 Only (Say USD Four Hundred Fourteen Thousand Only)
装运港: LOADING PORT: Shanghai, China.
卸货地: PORT OF DISCHARGE: Long Beach, CA, USA.
目的口岸: PORT OF DESTINATION: Chicago, IL, USA.
分批装运: PARTIAL SHIPMENT: ALLOWED.
转船: TRANSSHIPMENT: ALLOWED.
装运期限: TIME OF SHIPMENT: Not later than June 1, 2002.
装运麦头: SHIPPING MARKS: to the buyer's option.
付款方式: PAYMENT: by D/A(Documents against Acceptance) 90 days from B/L date.
保险: INSURANCE: CIF terms to be covered by the Seller at 110% of invoice value covering all risks according to clause of People's Insurance Company of China (PICC).
检验条款: 双方同意以制造商出具之分析单作为卖方向买方提交的单据之一。
INSPECTION: It is mutually agreed that the Certificates of analysis issued by the manufacturer will be part of the documents to the buyer. The content/purity of the goods will be re-inspected by the Buyer in accordance with EPA analysis methods and other specifications to be re-inspected in accordance with the analysis methodology confirmed and adopted by both parties upon its arrival in destination port. If inconsistence found in quality and quantity to the contracted goods, the Buyer is entitled to claim compensation to the Seller within 90 days form its arrival date to the destination port at the strength of inspection certificate issued by authority inspection institute such as SGS, etc.

特约条款: SPECIAL TERMS
1.　由于一般公认的人力不可抗拒原因而致不能交货或装船延误，卖方不负责任。
The Sellers shall not be responsible for failure or delay in delivery of the entire lot or a portion of the goods under this Sales Contract in the event of any force majeure incidents.
2.　买方对下列各点所造成的后果承担全部责任: (甲) 不及时提供生产所需的规格或其他条件时；
　　(乙) 不及时支付货款。若买方未按本合同规定支付货款，买方需向卖方支付余额货款和全部货款3%/天的罚金。
The Buyers are to assume full responsibilities for any consequences from; (a) late presentation of

# 江苏常隆化工有限公司

# JIANGSU CHANGLONG CHEMICALS CO.,LTD.

ADD:LONGHU TANG,NEW DISTRICT OF CHANGZHOU,JIANGSU,CHINA

TEL:86 519 5480001/5483260    FAX:86 519 5481166/55/5210023    E-mail:cnwjk@public.cz.js.cn

specifications or any other details necessary for the execution of this Sale Contract; (b)late effect of payment, if the Buyer failed to execute the payment term as the S/C stipulated, the total amount together with the interests amount 3% per day must be paid by the Buyer for the Seller.

3.买方应在收到销售合同后十天内签送一份给卖方。如在此期限内不提任何异议,本销售合同即生效。凭买方定单或凭卖方先前之确认而制定的销售合同。在发出后即生效,非经双方同意,不得更改或撤消。

The Buyer should sign one copy of this Sales Contract and return it to Sellers within 10 days after receipt. If nothing is proposed to the contrary within that time, this Sales Contract will be effective. Sales Contract, issued on the strength of Buyers Order or earlier confirmation, is effective immediately on its assurance and subject to neither modification nor cancellation, unless agreed upon by both Parties.

仲裁: 一切因执行本销售合同所发生与本销售合同有关之争执、双方应友好协商解决。如双方协商不能解决时。此争执应提交中国国际贸易促进委员会对外贸易仲裁委员会。按照该仲裁委员会仲裁程序暂行规则进行仲裁。仲裁地点在中国北京。仲裁委员会的裁决为终局裁决,对双方均有约束力。仲裁费用除非仲裁会另有决定外。均由败诉一方负担。

Arbitration: All dispute in connection with this Sale Confirmation or the execution thereof shall be amicably settled through negotiation. In case no settlement can be reached between the two parties, the case under disputes shall be submitted to the China International Economic and Trade Arbitration Commission for arbitration. The arbitration shall take place in Beijing, China and shall be executed in accordance with the Provisional Rules of Procedure of the said Commission and the decision made by the Arbitration Commission shall be accepted as final and binding upon both Parties. The fees for arbitration shall be borne by the losing Party unless otherwise awarded.

This contract shall be written in Chinese and English versions. Both languages are equally authentic. In the event of any discrepancy between the two aforesaid versions, the Chinese version shall prevail.

买 方 (The Buyer)
Burlington Bio-Medical & Scientific Corp.
Signed by:
Title: President
Date: 5/7/02.

卖 方(The Seller)
Jiangsu Changlong Chemicals Co.,Ltd
Signed by:
Title: President
Date: May 9,2002

# JIANGSU CHANGLONG CHEMICALS CO.,LTD.

ADD:LONGHU TANG,NEW DISTRICT OF CHANGZHOU,JIANGSU,CHINA

TEL:86 519 5480001/5483260   FAX:86 519 5481166/55/5210023   E-mail:cnwjk@public.cz.js.cn

# SALES CONTRACT



Date:July 23,2002
No: JCC-02222
Signed at Changzhou

卖方: The Sellers: Jiangsu Changlong Chemicals Co.,Ltd.
　　　Longhu Tang, New District of Changzhou, Jiangsu, P. R. China 213031
买方: The Buyers: Burlington Bio-Medical & Scientific Corp.
　　　71, Carolyn Blvd., Farmingdale, NY 11735, USA
兹经买卖双方同意成交下列商品订立条款如下:
The undersigned Sellers and Buyers have agreed to close the following transactions according to
the terms and conditions stipulated below:
商品名规格: Commodity and specification: CARBARYL 99-325

Carbaryl 99% Tech 325 Mesh
content----99.0%min (EPA, HPLC)
2-naphthol------0.05%max
2-naphthyl methylcarbamate----0.05%max
loss of drying----1.0%max
particle size(325mesh)----98%min pass
Appearance: off white to white fine powder.

包装: PACKING: in 300Kg super bag, 900kgs/palette, 9000kgs/20'FCL
数量: QUANTITY: 45000.00kgs
单价: UNIT PRICE: USD4.6/kg CIF Chicago, IL, USA.
总值: AMOUNT: USD207000.00 Only (Say USD Two Hundred Seven Thousand Only)
装运港: LOADING PORT: Shanghai, China.
卸货港: PORT OF DISCHARGE; Long Beach, CA, USA.
目的口岸: PORT OF DESTINATION: Chicago, IL, USA.
分批装运: PARTIAL SHIPMENT: ALLOWED.
转船: TRANSSHIPMENT: ALLOWED.
装运期限: TIME OF SHIPMENT: Not later than August 11, 2002.
装运麦头: SHIPPING MARKS: to the buyer's option.
付款方式: PAYMENT: by D/A(Documents against Acceptance) 90 days from B/L date.
保险: INSURANCE: CIF terms to be covered by the Seller at 110% of invoice value covering all
risks according to clause of People's Insurance Company of China (PICC).
检验条款: 双方同意以制造商出具之分析单作为卖方向买方提交的单据之一。
INSPECTION: It is mutually agreed that the Certificates of analysis Issued by the manufacturer will
be part of the documents to the buyer. The content/purity of the goods will be re-inspected by the
Buyer in accordance with EPA analysis methods and other specifications to be re-inspected in
accordance with the analysis methodology confirmed and adopted by both parties upon its arrival
in destination port. If inconsistence found in quality and quantity to the contracted goods, the Buyer
is entitled to claim compensation to the Seller within 90 days form its arrival date to the destination
port at the strength of inspection certificate issued by authority inspection institute such as SGS,
etc.
特约条款: SPECIAL TERMS
1.　　由于一般公认的人力不可抗拒原因而致不能交货或装船延迟, 卖方不负责任。
The Sellers shall not be responsible for failure or delay in delivery of the entire lot or a portion of
the goods under this Sales Contract in the event of any force majeure incidents.
2.　　买方对下列各点所造成的后果承担全部责任:(甲)不及时提供生产所需的规格或其他条件时;
　　(乙)不及时支付货款, 若买方未按本合同规定支付货款, 买方需向卖方支付全额货款和全部货款
3%/天的罚金。
The Buyers are to assume full responsibilities for any consequences from:(a)late presentation of

# 江苏常隆化工有限公司

## JIANGSU CHANGLONG CHEMICALS CO.,LTD.

ADD:LONGHU TANG,NEW DISTRICT OF CHANGZHOU,JIANGSU,CHINA

TEL:86 519 5480001/5483260   FAX:86 519 5481166/55/5210023   E-mail:cnwjk@public.cz.js.cn

specifications or any other details necessary for the execution of this Sale Contract; (b)late effect of payment, if the Buyer failed to execute the payment term as the S/C stipulated, the total amount together with the interests amount 3% per day must be paid by the Buyer for the Seller.

3.买方应在收到销售合同后十天内签送一份给卖方。如在此期限内不提任何异议,本销售合同即生效。凭买方定单或凭买卖方先前之确认而制定的销售合同,在发出后即生效,非经双方同意,不得更改或撤消。

The Buyer should sign one copy of this Sales Contract and return it to Sellers within 10 days after receipt. If nothing is proposed to the contrary within that time, this Sales Contract will be effective. Sales Contract, issued on the strength of Buyers Order or earlier confirmation, is effective immediately on its assurance and subject to neither modification nor cancellation, unless agreed upon by both Parties.

仲裁:一切因执行本销售合同所发生与本销售合同有关之争执,双方应友好协商解决。如双方协商不能解决时,此争执应提交中国国际贸易促进委员会对外贸易仲裁委员会,按照该仲裁委员会仲裁程序暂行规则进行仲裁。仲裁地点在中国北京。仲裁委员会的裁决为终局裁决,对双方均有约束力。仲裁费用除非仲裁会另有决定外,均由败诉一方负担。

Arbitration: All dispute in connection with this Sale Confirmation or the execution thereof shall be amicably settled through negotiation. In case no settlement can be reached between the two parties, the case under disputes shall be submitted to the China International Economic and Trade Arbitration Commission for arbitration. The arbitration shall take place in Beijing, China and shall be executed in accordance with the Provisional Rules of Procedure of the said Commission and the decision made by the Arbitration Commission shall be accepted as final and binding upon both Parties. The fees for arbitration shall be borne by the losing Party unless otherwise awarded.

This contract shall be written in Chinese and English versions. Both languages are equally authentic. In the event of any discrepancy between the two aforesaid versions, the Chinese version shall prevail.

买 方（The Buyer）
Burlington Bio-Medical & Scientific Corp.
Signed by:
Title:
Date:

卖 方(The Seller)
Jiangsu Changlong Chemicals Co.,Ltd.
Signed by:
Title: President
Date: May 23 2002

# 江苏 常隆 化 工 有 限 公 司

## JIANGSU CHANGLONG CHEMICALS CO.,LTD.

ADD:LONGHU TANG,NEW DISTRICT OF CHANGZHOU,JIANGSU,CHINA

TEL:86 519 5480001/5483260   FAX:86 519 5481166/55/5210023   E-mail:cnwjk@public.cz.js.cn



# SALES CONTRACT

Date:July 23,2002
No: JCC-02222
Signed at Changzhou

卖方: The Sellers: Jiangsu Changlong Chemicals Co.,Ltd.
   Longhu Tang, New District of Changzhou, Jiangsu, P. R. China 213031
买方: The Buyers: Burlington Bio-Medical & Scientific Corp.
   71, Carolyn Blvd., Farmingdale, NY 11735, USA

兹经买卖双方同意成交下列商品订立条款如下:
The undersigned Sellers and Buyers have agreed to close the following transactions according to the terms and conditions stipulated below:

商品名规格: Commodity and specification: CARBARYL 99-325
                    Carbaryl 99% Tech 325 Mesh
                    content——98.0%min (EPA, HPLC)
                    2-naphthol——0.05%max
                    2-naphthyl methylcarbamate——0.05%max
                    loss of drying——1.0%max
                    particle size(325mesh)——98%min pass
                    Appearance: off white to white fine powder.

包装: PACKING: in 300Kg super bag, 900kgs/palette, 9000kgs/20'FCL

数量: QUANTITY: 45000.00kgs

单价: UNIT PRICE: USD4.6/kg CIF Chicago, IL, USA.

总值: AMOUNT: USD207000.00 Only (Say USD Two Hundred Seven Thousand Only)

装运港: LOADING PORT: Shanghai, China.

卸货港: PORT OF DISCHARGE: Long Beach, CA, USA.

目的口岸: PORT OF DESTINATION: Chicago, IL, USA.

分批装运: PARTIAL SHIPMENT: ALLOWED.

转船: TRANSSHIPMENT: ALLOWED.

装运期限: TIME OF SHIPMENT: Not later than August 11, 2002.

装运麦头: SHIPPING MARKS: to the buyer's option.

付款方式: PAYMENT: by D/A(Documents against Acceptance) 90 days from B/L date.

保险: INSURANCE: CIF terms to be covered by the Seller at 110% of invoice value covering all risks according to clause of People's Insurance Company of China (PICC).

检验条款: 双方同意以制造商出具之分析单作为卖方向买方提交的单据之一。
INSPECTION: It is mutually agreed that the Certificates of analysis issued by the manufacturer will be part of the documents to the buyer. The content/purity of the goods will be re-inspected by the Buyer in accordance with EPA analysis methods and other specifications to be re-inspected in accordance with the analysis methodology confirmed and adopted by both parties upon its arrival in destination port. If inconsistence found in quality and quantity to the contracted goods, the Buyer is entitled to claim compensation to the Seller within 90 days form its arrival date to the destination port at the strength of inspection certificate issued by authority inspection institute such as SGS, etc.

特约条款: SPECIAL TERMS
1.   由于一般公认的人力不可抗拒原因而致不能交货或装船运返，卖方不负责任。
The Sellers shall not be responsible for failure or delay in delivery of the entire lot or a portion of the goods under this Sales Contract in the event of any force majeure incidents.
2.   买方对下列各点所造成的后果承担全部责任：(甲) 不及时提供生产所需的规格或其他条件时；(乙) 不及时支付货款，若买方未按本合同规定支付货款，买方需向卖方支付全额货款和全部货款3%/天的罚金。
The Buyers are to assume full responsibilities for any consequences from: (a) late presentation of

# 江苏常隆化工有限公司

## JIANGSU CHANGLONG CHEMICALS CO.,LTD.

ADD:LONGHU TANG,NEW DISTRICT OF CHANGZHOU,JIANGSU,CHINA

TEL:86 519 5480001/5483260   FAX:86 519 5481166/55/5210023   E-mail:cnwjk@public.cz.js.cn

specifications or any other details necessary for the execution of this Sale Contract; (b)late effect of payment, if the Buyer failed to execute the payment term as the S/C stipulated, the total amount together with the interests amount 3% per day must be paid by the Buyer for the Seller.

3.买方应在收到销售合同后十天内签退一份给卖方。如在此期限内不提任何异议,本销售合同即生效。免买方定单或免买方先前之确认而制定的销售合同,在发山后即生效,非经双方同意,不得更改或撤销。　　month (M)

The Buyer should sign one copy of this Sales Contract and return it to Sellers within 10 days after receipt. If nothing is proposed to the contrary within that time, this Sales Contract will be effective. Sales Contract, issued on the strength of Buyers Order or earlier confirmation, is effective immediately on its assurance and subject to neither modification nor cancellation, unless agreed upon by both Parties.

仲裁, 一切因执行本销售合同所发生与本销售合同有关之争执, 双方应友好协商解决。如双方协商不能解决时, 此争执应提交中国国际贸易促进委员会对外贸易仲裁委员会, 按照该仲裁委员会仲裁程序暂行规则进行仲裁。仲裁地点在中国北京。仲裁委员会的裁决为终局裁决, 对双方均有约束力。仲裁费用除非仲裁会另有决定外, 均由败诉一方负担。

Arbitration: All dispute in connection with this Sale Confirmation or the execution thereof shall be amicably settled through negotiation. In case no settlement can be reached between the two parties, the case under disputes shall be submitted to the China International Economic and Trade Arbitration Commission for arbitration. The arbitration shall take place in Beijing, China and shall be executed in accordance with the Provisional Rules of Procedure of the said Commission and the decision made by the Arbitration Commission shall be accepted as final and binding upon both Parties. The fees for arbitration shall be borne by the losing Party unless otherwise awarded.

This contract shall be written in Chinese and English versions. Both languages are equally authentic. In the event of any discrepancy between the two aforesaid versions, the Chinese version shall prevail.

买 方 (The Buyer)
Burlington Bio-Medical & Scientific Corp.
Signed by: Burton Mirgenicousk
Title: CEO - President
Date:
7/24/02

卖 方 (The Seller)
Jiangsu Changlong Chemicals Co.,Ltd.
Signed by:
Title: President
Date: July 23, 2002

江苏常隆化工有限公司

# JIANGSU CHANGLONG CHEMICALS CO.,LTD.
ADD:LONGHU TANG,NEW DISTRICT OF CHANGZHOU,JIANGSU,CHINA
TEL:86 519 5480001/5483260　FAX:86 519 5481166/55/5210023　E-mail:cnwjk@public.cz.js.cn

## SALES CONTRACT

Date:July 23,2002
No: JCC-02223
Signed at Changzhou



卖方: The Sellers: Jiangsu Changlong Chemicals Co.,Ltd.
　　　Longhu Tang, New District of Changzhou, Jiangsu, P. R. China 213031
买方: The Buyers: Burlington Bio-Medical & Scientific Corp.
　　　71, Carolyn Blvd., Farmingdale, NY 11735, USA
兹经买卖双方同意成交下列商品订立条款如下:
The undersigned Sellers and Buyers have agreed to close the following transactions according to the terms and conditions stipulated below:
商品名规格: Commodity and specification: CARBARYL 99-325
　　　　　　　　　　　　　Carbaryl 99% Tech 325 Mesh
　　　　　　　　　　　　　content----99.0%min (EPA, HPLC)
　　　　　　　　　　　　　2-naphthol------0.05%max
　　　　　　　　　　　　　2-naphthyl methylcarbamate----0.05%max
　　　　　　　　　　　　　loss of drying----1.0%max
　　　　　　　　　　　　　particle size(325mesh)----98%min pass
　　　　　　　　　　　　　Appearance: off white to white fine powder.
包装: PACKING: in 300Kg super bag, 900kgs/palette, 9000kgs/20'FCL
数量: QUANTITY: 45000.00kgs
单价: UNIT PRICE: USD4.6/kg CIF Chicago, IL, USA.
总值: AMOUNT: USD207000.00 Only (Say USD Two Hundred Seven Thousand Only)
装运港: LOADING PORT：Shanghai, China.
卸货港: PORT OF DISCHARGE; Long Beach, CA, USA.
目的口岸: PORT OF DESTINATION: Chicago, IL, USA.
分批装运: PARTIAL SHIPMENT: ALLOWED.
转船: TRANSSHIPMENT: ALLOWED.
装运期限: TIME OF SHIPMENT：Not later than August 11, 2002.
装运麦头: SHIPPING MARKS：to the buyer's option.
付款方式: PAYMENT：by D/A(Documents against Acceptance) 90 days from B/L date.
保险: INSURANCE: CIF terms to be covered by the Seller at 110% of invoice value covering all risks according to clause of People's Insurance Company of China (PICC).
检验条款：双方同意以制造商出具之分析单作为卖方向买方提交的单据之一。
INSPECTION：It is mutually agreed that the Certificates of analysis issued by the manufacturer will be part of the documents to the buyer. The content/purity of the goods will be re-inspected by the Buyer in accordance with EPA analysis methods and other specifications to be re-inspected in accordance with the analysis methodology confirmed and adopted by both parties upon its arrival in destination port. If inconsistence found in quality and quantity to the contracted goods, the Buyer is entitled to claim compensation to the Seller within 90 days form its arrival date to the destination port at the strength of inspection certificate issued by authority inspection institute such as SGS, etc.
特约条款：SPECIAL TERMS
1.　由于一般公认的人力不可抗拒原因而致不能交货或装船延迟，卖方不负责任。
The Sellers shall not be responsible for failure or delay in delivery of the entire lot or a portion of the goods under this Sales Contract in the event of any force majeure incidents.
2.　买方对下列各点所造成的后果承担全部责任：(甲) 不及时提供生产所需的规格或其他条件时；
　(乙) 不及时支付货款，若买方未按本合同规定支付货款，买方需向卖方支付全额货款和全部货款3%/天的罚金。
The Buyers are to assume full responsibilities for any consequences from: (a) late presentation of

# JIANGSU CHANGLONG CHEMICALS CO.,LTD.

ADD:LONGHU TANG,NEW DISTRICT OF CHANGZHOU,JIANGSU,CHINA

TEL:86 519 5480001/5483260   FAX:86 519 5481166/55/5210023   E-mail:cnwjk@public.cz.js.cn

specifications or any other details necessary for the execution of this Sale Contract; (b)late effect of payment, if the Buyer failed to execute the payment term as the S/C stipulated, the total amount together with the interests amount 3% per day must be paid by the Buyer for the Seller.

3.买方应在收到销售合同后十天内签送一份给卖方。如在此期限内不提任何异议,本销售合同即生效。凭买方定单或凭买方先前之确认而制定的销售合同, 在发出后即生效,非经双方同意,不得更改或撤消。

The Buyer should sign one copy of this Sales Contract and return it to Sellers within 10 days after receipt. If nothing is proposed to the contrary within that time, this Sales Contract will be effective. Sales Contract, issued on the strength of Buyers Order or earlier confirmation, is effective immediately on its assurance and subject to neither modification nor cancellation, unless agreed upon by both Parties.

仲裁:一切因执行本销售合同所发生与本销售合同有关之争执, 双方应友好协商解决。如双方协商不能解决时, 此争执应提交中国国际贸易促进委员会对外贸易仲裁委员会, 按照该仲裁委员会仲裁程序暂行规则进行仲裁。仲裁地点在中国北京。仲裁委员会的裁决为终局裁决, 对双方均有约束力。仲裁费用除非仲裁委会另有决定外, 均由败诉一方负担。

Arbitration: All dispute in connection with this Sale Confirmation or the execution thereof shall be amicably settled through negotiation. In case no settlement can be reached between the two parties, the case under disputes shall be submitted to the China International Economic and Trade Arbitration Commission for arbitration. The arbitration shall take place in Beijing, China and shall be executed in accordance with the Provisional Rules of Procedure of the said Commission and the decision made by the Arbitration Commission shall be accepted as final and binding upon both Parties. The fees for arbitration shall be borne by the losing Party unless otherwise awarded.

This contract shall be written in Chinese and English versions. Both languages are equally authentic. In the event of any discrepancy between the two aforesaid versions, the Chinese version shall prevail.

| | |
|---|---|
| 买  方（The Buyer） | 卖  方(The Seller) |
| Burlington Bio-Medical & Scientific Corp. | Jiangsu Changlong Chemicals Co.,Ltd. |
| Signed by: | Signed by: |
| Title: | Title: President |
| Date: | Date: July 28 2002 |

# 江苏常隆化工有限公司
## JIANGSU CHANGLONG CHEMICALS CO.,LTD.
ADD:LONGHU TANG,NEW DISTRICT OF CHANGZHOU,JIANGSU,CHINA
TEL:86 519 5480001/5483260   FAX:86 519 5481166/55/5210023   E-mail:cnwlk@public.cz.js.cn



## SALES CONTRACT

Date:July 23,2002
No: JCC-02223
Signed at Changzhou

卖方: The Sellers: Jiangsu Changlong Chemicals Co.,Ltd.
  Longhu Tang, New District of Changzhou, Jiangsu, P. R. China 213031
买方: The Buyers: Burlington Bio-Medical & Scientific Corp.
  71, Carolyn Blvd., Farmingdale, NY 11735, USA

故经买卖方双方同意成交下列商品订立条款如下:
The undersigned Sellers and Buyers have agreed to close the following transactions according to the terms and conditions stipulated below:

商品名规格: Commodity and specification: CARBARYL 99-325
  Carbaryl 99% Tech 325 Mesh
  content——99.0%min (EPA, HPLC)
  2-naphthol——0.05%max
  2-naphthyl methylcarbamate——0.05%max
  loss of drying——1.0%max
  particle size(325mesh)——98%min pass
  Appearance: off white to white fine powder.

包装: PACKING: in 300Kg super bag, 900kgs/palette, 9000kgs/20'FCL
数量: QUANTITY: 45000.00kgs
单价: UNIT PRICE: USD4.6/kg CIF Chicago, IL, USA.
总值: AMOUNT: USD207000.00 Only (Say USD Two Hundred Seven Thousand Only)
装运港: LOADING PORT: Shanghai, China.
卸货港: PORT OF DISCHARGE: Long Beach, CA, USA.
目的口岸: PORT OF DESTINATION: Chicago, IL, USA.
分批装运: PARTIAL SHIPMENT: ALLOWED.
转船: TRANSSHIPMENT: ALLOWED.
装运期限: TIME OF SHIPMENT: Not later than August 11, 2002.
装运麦头: SHIPPING MARKS: to the buyer's option.
付款方式: PAYMENT: by D/A(Documents against Acceptance) 90 days from B/L date.
保险: INSURANCE: CIF terms to be covered by the Seller at 110% of invoice value covering all risks according to clause of People's Insurance Company of China (PICC).
检验条款: 双方同意以制造商出具之分析单作为卖方向买方提交的单据之一.
INSPECTION: It is mutually agreed that the Certificates of analysis issued by the manufacturer will be part of the documents to the buyer. The content/purity of the goods will be re-inspected by the Buyer in accordance with EPA analysis methods and other specifications to be re-inspected in accordance with the analysis methodology confirmed and adopted by both parties upon its arrival in destination port. If inconsistence found in quality and quantity to the contracted goods, the Buyer is entitled to claim compensation to the Seller within 90 days form its arrival date to the destination port at the strength of inspection certificate issued by authority inspection institute such as SGS, etc.
特约条款: SPECIAL TERMS :
1. 由于一般公认的人力不可抗拒原因而致不能交货或装船延迟, 卖方不负责任.
The Sellers shall not be responsible for failure or delay in delivery of the entire lot or a portion of the goods under this Sales Contract in the event of any force majeure incidents.
2. 买方对下列各点所造成的后果承担全部责任:(甲)不及时提供生产所需的规格或其他条件时; (乙)不及时支付货款,若买方未按本合同规定支付货款,买方需向卖方支付全额货款和全部货款3%/天的罚金.
The Buyers are to assume full responsibilities for any consequences from: (a) late presentation of

# 江 苏 常 隆 化 工 有 限 公 司
## JIANGSU CHANGLONG CHEMICALS CO.,LTD.
ADD:LONGHU TANG,NEW DISTRICT OF CHANGZHOU,JIANGSU,CHINA
TEL:86 519 5480001/5483260   FAX:86 519 5481166/55/5210023   E-mail:cnwjk@public.cz.js.cn

specifications or any other details necessary for the execution of this Sale Contract; (b)late effect of payment, if the Buyer failed to execute the payment term as the S/C stipulated, the total amount together with the interests amount 3% per day must be paid by the Buyer for the Seller.

3.买方应在收到销售合同后十天内签还一份給卖方。如在此期限内不提任何异议,本销售合同即生效。凭买卖方定单或凭买卖方先前之确认而制定的销售合同,在发出后即生效,非经双方同意,不得更改或撤消。

The Buyer should sign one copy of this Sales Contract and return it to Sellers within 10 days after receipt. If nothing is proposed to the contrary within that time, this Sales Contract will be effective. Sales Contract, issued on the strength of Buyers Order or earlier confirmation, is effective immediately on its assurance and subject to neither modification nor cancellation, unless agreed upon by both Parties.

仲裁: 一切因执行本销售合同所发生与本销售合同有关之争执,双方应友好协商解决。如双方协商不能解决时,此争执应提交中国国际贸易促进委员会对外贸易仲裁委员会,按照该仲裁委员会仲裁程序贷行规则进行仲裁。仲裁地点在中国北京。仲裁委员会的裁决为终局裁决。对双方均有约束力,仲裁费用除非仲裁会另有决定外,均由败诉一方负担。

Arbitration: All dispute in connection with this Sale Confirmation or the execution thereof shall be amicably settled through negotiation. In case no settlement can be reached between the two parties, the case under disputes shall be submitted to the China International Economic and Trade Arbitration Commission for arbitration. The arbitration shall take place in Beijing, China and shall be executed in accordance with the Provisional Rules of Procedure of the said Commission and the decision made by the Arbitration Commission shall be accepted as final and binding upon both Parties. The fees for arbitration shall be borne by the losing Party unless otherwise awarded.

This contract shall be written in Chinese and English versions. Both languages are equally authentic. In the event of any discrepancy between the two aforesaid versions, the Chinese version shall prevail.

买 方 (The Buyer)
Burlington Bio-Medical & Scientific Corp.
Signed by: Brian Miecnikowski
Title: Ceo/president
Date: 7/24/02

卖 方 (The Seller)
Jiangsu Changlong Chemicals Co.,Ltd.
Signed by:
Title: President
Date: July 23 2002

江 苏 常 隆 化 工 有 限 公 司
## JIANGSU CHANGLONG CHEMICALS CO.,LTD.
ADD:LONGHU TANG,NEW DISTRICT OF CHANGZHOU,JIANGSU,CHINA
TEL:86 519 5480001/5483260   FAX:86 519 5481166/55/5210023   E-mail:cnwjk@public.cz.js.cn

TO: Mrs. Debbie Raleigh

# SALES CONTRACT



Date:July 23,2002
No: JCC-02224
Signed at Changzhou

卖方: The Sellers: Jiangsu Changlong Chemicals Co.,Ltd.
　　　Longhu Tang, New District of Changzhou, Jiangsu, P. R. China 213031
买方: The Buyers: Burlington Bio-Medical & Scientific Corp.
　　　71, Carolyn Blvd., Farmingdale, NY 11735, USA
兹经买卖双方同意成交下列商品订立条款如下:
The undersigned Sellers and Buyers have agreed to close the following transactions according to the terms and conditions stipulated below:
商品名规格: Commodity and specification: CARBARYL 99-325

　　　　　　　　　　　　　　　Carbaryl 99% Tech 325 Mesh
　　　　　　　　　　　　　　　content----99.0%min (EPA, HPLC)
　　　　　　　　　　　　　　　2-naphthol------0.05%max
　　　　　　　　　　　　　　　2-naphthyl methylcarbamate-----0.05%max
　　　　　　　　　　　　　　　loss of drying-----1.0%max
　　　　　　　　　　　　　　　particle size(325mesh)-----98%min pass
　　　　　　　　　　　　　　　Appearance: off white to white fine powder.
包装: PACKING: in 300Kg super bag, 900kgs/palette, 9000kgs/20'FCL
数量: QUANTITY: 45000.00kgs
单价: UNIT PRICE: USD4.6/kg CIF Chicago, IL, USA.
总值: AMOUNT: USD207000.00 Only (Say USD Two Hundred Seven Thousand Only)
装运港: LOADING PORT: Shanghai, China.
卸货港: PORT OF DISCHARGE: Long Beach, CA, USA.
目的口岸: PORT OF DESTINATION: Chicago, IL, USA.
分批装运: PARTIAL SHIPMENT: ALLOWED.
转船: TRANSSHIPMENT: ALLOWED.
装运期限: TIME OF SHIPMENT: Not later than August 18, 2002.
装运麦头: SHIPPING MARKS: to the buyer's option.
付款方式: PAYMENT: by D/A(Documents against Acceptance) 90 days from B/L date.
保险: INSURANCE: CIF terms to be covered by the Seller at 110% of invoice value covering all risks according to clause of People's Insurance Company of China (PICC).
检验条款: 双方同意以制造商出具之分析单作为卖方向买方提交的单据之一。
INSPECTION: It is mutually agreed that the Certificates of analysis issued by the manufacturer will be part of the documents to the buyer. The content/purity of the goods will be re-inspected by the Buyer in accordance with EPA analysis methods and other specifications to be re-inspected in accordance with the analysis methodology confirmed and adopted by both parties upon its arrival in destination port. If inconsistence found in quality and quantity to the contracted goods, the Buyer is entitled to claim compensation to the Seller within 90 days form its arrival date to the destination port at the strength of inspection certificate issued by authority inspection institute such as SGS, etc.
特约条款: SPECIAL TERMS
1.　由于一般公认的人力不可抗拒原因而致不能交货或装船延迟, 卖方不负责任。
The Sellers shall not be responsible for failure or delay in delivery of the entire lot or a portion of the goods under this Sales Contract in the event of any force majeure incidents.
2.　买方对下列各点所造成的后果承担全部责任: (甲) 不及时提供生产所需的规格或其他条件时;
　　(乙) 不及时支付货款, 若买方未按本合同规定支付货款, 买方需向卖方支付全额货款和全部货款3%/天的罚金。
The Buyers are to assume full responsibilities for any consequences from: (a) late presentation of

# 江 苏 常 隆 化 工 有 限 公 司

# JIANGSU CHANGLONG CHEMICALS CO.,LTD.

### ADD:LONGHU TANG,NEW DISTRICT OF CHANGZHOU,JIANGSU,CHINA

TEL:86 519 5480001/5483260   FAX:86 519 5481166/55/5210023   E-mail:cnwjk@public.cz.js.cn

specifications or any other details necessary for the execution of this Sale Contract; (b)late effect of payment, if the Buyer failed to execute the payment term as the S/C stipulated, the total amount together with the interests amount 3% per day must be paid by the Buyer for the Seller.

3.买方应在收到销售合同后十天内签送一份给卖方。如在此期限内不提任何异议,本销售合同即生效。凭买方定单或凭买方先前之确认而制定的销售合同, 在发出后即生效, 非经双方同意,不得更改或撤消。

The Buyer should sign one copy of this Sales Contract and return it to Sellers within 10 days after receipt. If nothing is proposed to the contrary within that time, this Sales Contract will be effective. Sales Contract, issued on the strength of Buyers Order or earlier confirmation, is effective immediately on its assurance and subject to neither modification nor cancellation, unless agreed upon by both Parties.

仲裁: 一切因执行本销售合同所发生与本销售合同有关之争执, 双方应友好协商解决。如双方协商不能解决时, 此争执应提交中国国际贸易促进委员会对外贸易仲裁委员会, 按照该仲裁委员会仲裁程序暂行规则进行仲裁。仲裁地点在中国北京。仲裁委员会的裁决为终局裁决, 对双方均有约束力。仲裁费用除非仲裁会另有决定外, 均由败诉一方负担。

Arbitration: All dispute in connection with this Sale Confirmation or the execution thereof shall be amicably settled through negotiation. In case no settlement can be reached between the two parties, the case under disputes shall be submitted to the China International Economic and Trade Arbitration Commission for arbitration. The arbitration shall take place in Beijing, China and shall be executed in accordance with the Provisional Rules of Procedure of the said Commission and the decision made by the Arbitration Commission shall be accepted as final and binding upon both Parties. The fees for arbitration shall be borne by the losing Party unless otherwise awarded.

This contract shall be written in Chinese and English versions. Both languages are equally authentic. In the event of any discrepancy between the two aforesaid versions, the Chinese version shall prevail.

| 买 方（The Buyer) | 卖 方(The Seller) |
|---|---|
| Burlington Bio-Medical & Scientific Corp. | Jiangsu Changlong Chemicals Co.,Ltd. |
| Signed by: | Signed by: CHANGL |
| Title: | Title: President |
| Date: | Date: July 23,2002 |

# 江苏常隆化工有限公司
## JIANGSU CHANGLONG CHEMICALS CO.,LTD.
### ADD:LONGHU TANG,NEW DISTRICT OF CHANGZHOU,JIANGSU,CHINA
TEL:86 519 5480001/5483260   FAX:86 519 5481166/55/5210023   E-mail:cnwjk@public.cz.js.cn

TO: Mrs. Debbie Raleigh

# SALES CONTRACT

Date:July 23,2002
No: JCC-02224
Signed at Changzhou

卖方: The Sellers: Jiangsu Changlong Chemicals Co.,Ltd.
　　　Longhu Tang, New District of Changzhou, Jiangsu, P. R. China 213031
买方: The Buyers: Burlington Bio-Medical & Scientific Corp.
　　　71, Carolyn Blvd., Farmingdale, NY 11735, USA
兹经买卖双方同意成交下列商品订立条款如下:
The undersigned Sellers and Buyers have agreed to close the following transactions according to the terms and conditions stipulated below:

商品名规格: Commodity and specification: CARBARYL 99-325

　　　　　　　Carbaryl 99% Tech 325 Mesh
　　　　　　　content----99.0%min (EPA, HPLC)
　　　　　　　2-naphthol------0.05%max
　　　　　　　2-naphthyl methylcarbamate------0.05%max
　　　　　　　loss of drying------1.0%max
　　　　　　　particle size(325mesh)------98%min pass
　　　　　　　Appearance: off white to white fine powder.

包装: PACKING: in 300Kg super bag, 900kgs/palette, 9000kgs/20'FCL
数量: QUANTITY: 45000.00kgs
单价: UNIT PRICE: USD4.6/kg CIF Chicago, IL, USA.
总值: AMOUNT: USD207000.00 Only (Say USD Two Hundred Seven Thousand Only)
装运港: LOADING PORT: Shanghai, China.
卸货港: PORT OF DISCHARGE: Long Beach, CA, USA.
目的口岸: PORT OF DESTINATION: Chicago, IL, USA.
分批装运: PARTIAL SHIPMENT: ALLOWED.
转船: TRANSSHIPMENT: ALLOWED.
装运期限: TIME OF SHIPMENT: Not later than August 18, 2002.
装运麦头: SHIPPING MARKS: to the buyer's option.
付款方式: PAYMENT: by D/A(Documents against Acceptance) 90 days from B/L date.
保险: INSURANCE: CIF terms to be covered by the Seller at 110% of invoice value covering all risks according to clause of People's Insurance Company of China (PICC).
检验条款: 双方同意以制造商出具之分析单作为卖方向买方提交的单据之一。
INSPECTION: It is mutually agreed that the Certificates of analysis issued by the manufacturer will be part of the documents to the buyer. The content/purity of the goods will be re-inspected by the Buyer in accordance with EPA analysis methods and other specifications to be re-inspected in accordance with the analysis methodology confirmed and adopted by both parties upon its arrival in destination port. If inconsistence found in quality and quantity to the contracted goods, the Buyer is entitled to claim compensation to the Seller within 90 days form its arrival date to the destination port at the strength of inspection certificate issued by authority inspection institute such as SGS, etc.

特约条款: SPECIAL TERMS
1.　由于一般公认的人力不可抗拒原因而致不能交货或载船延返, 卖方不负责任。
The Sellers shall not be responsible for failure or delay in delivery of the entire lot or a portion of the goods under this Sales Contract in the event of any force majeure incidents.
2.　买方对下列各点所造成的后果承担全部责任:(甲) 不及时提供生产所需的规格或其他条件时;
(乙) 不及时支付货款, 若买方米按本合同规定支付货款, 买方需向卖方支付全额货款和全部货款3%/天的罚金。
The Buyers are to assume full responsibilities for any consequences from: (a) late presentation of

# 江苏常隆化工有限公司

## JIANGSU CHANGLONG CHEMICALS CO.,LTD.

ADD:LONGHU TANG,NEW DISTRICT OF CHANGZHOU,JIANGSU,CHINA

TEL:86 519 5480001/5483260    FAX:86 519 5481166/55/5210023    E-mail:cnwjk@public.cz.js.cn

specifications or any other details necessary for the execution of this Sale Contract; (b)late effect of payment, if the Buyer failed to execute the payment term as the S/C stipulated, the total amount together with the interests amount 3% per day must be paid by the Buyer for the Seller.

3.买方应在收到销售合同后十天内签送一份给卖方。如在此期限内不提任何异议,本销售合同即生效。凭买方定单或免买方先前之确认而制定的销售合同,在发出后即生效。非经双方同意,不得更改或撤消。

The Buyer should sign one copy of this Sales Contract and return it to Sellers within 10 days after receipt. If nothing is proposed to the contrary within that time, this Sales Contract will be effective. Sales Contract, issued on the strength of Buyers Order or earlier confirmation, is effective immediately on its assurance and subject to neither modification nor cancellation, unless agreed upon by both Parties.

仲裁: 一切因执行本销售合同所发生与本销售合同有关之争执,双方应友好协商解决。如双方协商不能解决时,此争执应提交中国国际贸易促进委员会对外贸易仲裁委员会,按照该仲裁委员会仲裁程序暂行规则进行仲裁。仲裁地点在中国北京。仲裁委员会的裁决为终局裁决,对双方均有约束力。仲裁费用除非仲裁会另有决定外,均由败诉一方负担。

Arbitration: All dispute in connection with this Sale Confirmation or the execution thereof shall be amicably settled through negotiation. In case no settlement can be reached between the two parties, the case under disputes shall be submitted to the China International Economic and Trade Arbitration Commission for arbitration. The arbitration shall take place in Beijing, China and shall be executed in accordance with the Provisional Rules of Procedure of the said Commission and the decision made by the Arbitration Commission shall be accepted as final and binding upon both Parties. The fees for arbitration shall be borne by the losing Party unless otherwise awarded.

This contract shall be written in Chinese and English versions. Both languages are equally authentic. In the event of any discrepancy between the two aforesaid versions, the Chinese version shall prevail.

买 方 (The Buyer)
Burlington Bio-Medical & Scientific Corp.
Signed by: Brian Miecnikowski
Title:
Date:  CEO - president
7/24/0~

卖 方(The Seller)
Jiangsu Changlong Chemicals Co.,Ltd.
Signed by: CHANGLO
Title: President
Date: July 23, 2002