UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
JIANGSU CHANGLONG CHEMICALS,
CO., INC.,

                Plaintiff,              <u>MEMORANDUM AND ORDER</u>

                                          CV 05-2082

       -against-                   (Wexler, J.)

BURLINGTON BIO-MEDICAL &
SCIENTIFIC CORPORATION,
                    Defendant.
-----------------------------------------------------X

APPEARANCES:

      DAVIS WRIGHT TREMAIN LLP
      BY: JAMES ROSENFELD, ESQ.
      Attorneys for Plaintiff
      1633 Broadway
      New York, New York 10019

      SILVERMAN PERLSTEIN & ACAMPORA LLP
      BY: ROBERT J. ANSELL, ESQ.
      Attorneys for Defendant
      100 Jericho Quadrangle Suite 300
      Jericho, New York 11753

WEXLER, J.

      This case was commenced by Plaintiff Jiangsu Changlong Chemicals, Co., Inc.

("Changlong"), pursuant to Convention on the Recognition and Enforcement of Foreign Arbitral

Awards, 9 U.S.C. § 201, seeking recognition and enforcement of an award made in China after

an arbitration in which both parties participated. In a memorandum and opinion dated November

22, 2005, this court granted Changlong's motion for summary judgment. Judgment was entered

on December 12, 2005 for a total amount of $2,014,302.12. This amount reflects interest up to

the date of the judgment. Post-judgment interest continues to accrue.

In a letter to this court dated January 6, 2006 (the "January 6 Letter"), Plaintiffs' counsel set forth difficulties he was having in collecting on the judgment. It was explained that Defendant Burlington was no longer located at its prior place of business and that counsel for Burlington refused to provide Plaintiff with his client's new address. Plaintiff requested that this court order defense counsel to provide Burlington's new address or the address of any successor entities and the address of all of Burlington's former officers.

Construing the January 6 letter as a request for post-judgment discovery pursuant to Rule 69 of the Federal Rules of Civil Procedure ("Federal Rules"), this court referred Changlong's request to Magistrate Judge Wall. In an order dated January 25, 2006, (the "January 25 Order") Magistrate Judge Wall noted that no opposition to the January 6 letter was received and granted the relief sought therein. The next day, counsel for Burlington wrote to this court objecting, pursuant to Rule 72 of the Federal Rules, to the January 25 Order. Counsel's correspondence took the position that the January 6 Letter constituted improper motion practice and, in any event, there was no obligation to provide the information sought by Changlong. Changlong responded to Burlington's letter and Burlington thereafter replied. The court considers this Rule 72 appeal from the order of Magistrate Judge Wall to be fully briefed and, upon consideration, enters the following order.

Changlong has the right, pursuant to Rule 72 of the Federal Rules, to seek federal discovery in aid of its post-judgment collection efforts, even if those efforts are undertaken in the courts of the State of New York. See Estate of Ungar v. The Palestinian Authority, 2006 WL 225839 *3-4 (S.D.N.Y. 2006). Such discovery requires neither a formal motion nor entry of a

2

court order. <u>Center Cadillac, Inc. v. Bank Leumi Trust Company of New York</u>, 1995 WL 662120 *2 (S.D.N.Y. 1995). The scope of discovery undertaken in aid of post-judgment collection efforts is broad. <u>Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.</u>, 1993 WL 50528 *1-2 (E.D.N.Y. 1993); <u>see</u> <u>British Internat'l. Ins. Co., Ltd. v. Seguros La Republica, S.A.</u>, 2000 WL 713057 *5 (S.D.N.Y. 2000). Comprehensive discovery enables the judgment creditor to learn the "identity and location of any of the judgment debtor's assets, wherever located." <u>Integrated Control Systems, Inc. v. Ellcon-National, Inc.</u>, 2002 WL 32506289 *1 (D. Conn. 2002) (citation omitted); <u>British Internat'l.</u>, 2000 WL 713057 at * 5.

It is clear that the information sought is within the scope of Rule 69. Plaintiff may serve counsel for Burlington with any and all discovery requests aimed at obtaining the current location of Burlington and uncovering assets to satisfy the judgment in this matter. Such discovery, like any discovery in this action, shall be served upon Burlington's counsel and responses shall be made in accord with the Federal Rules.

The Clerk of the Court is directed to terminate the appeal from the order of the Magistrate Judge.

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
February 9 , 2006

3