## STRASSBERG & STRASSBERG, P.C.
ATTORNEYS AT LAW

*<u>Via ecf</u>*

February 13, 2008

Honorable William D. Wall
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
PO Box 9014
Central Islip, NY 11722-9014

Re: Jiangsu Changlong Chemicals Co., Ltd. v. Burlington Bio-Medical Corp. a/k/a
Burlington Bio-Medical & Scientific Corporation a/k/a Burlington Scientific Corporation
*Turnover Proceeding*:
Chapter 7 Trustee Robert C. Furr of Burlington Bio-Medical Corp. v. Elizabeth Sartorio,
Dominick Sartorio, 71 Carolyn Blvd. LLC, Micropel Corporation, Atomergic Chemetals
Corp., The Marquee Group, Ltd., Blue Spruce Associates, LLC and Burlington Bio-Medical
Corporation a/k/a Burlington Bio-Medical & Scientific Corporation a/k/a Burlington
Scientific Corporation,
**Case No. CV 05:2082**

Dear Magistrate Judge Wall:

This is the second time that one or more respondents filed a Chapter 7 Petition in bankruptcy on the return date of this turnover proceeding. On October 3, 2007 Burlington Bio-Medical Corp. ("Burlington") filed for bankruptcy, and the matter was stayed until my retention by the trustee.

Yesterday, respondents Micropel Corporation ("Micropel"), Atomergic Chemetals Corp. ("Atomergic") filed petitions in bankruptcy. Their counsel, William D. Wexler, Esq., and counsel for respondents Elizabeth Sartorio and Blue Spruce Associates, LLC ("Blue Spruce"), Jerry Garguilo, Esq. argued the turnover proceeding was thus stayed against *all* respondents.

I advised the Court that *only* claims to transferees Micropel or Atomergic, or beneficiaries of those transfers, were stayed. Since all other claims are not stayed, I sought entry of judgment against Dominick Sartorio ("Sartorio"), 71 Carolyn Blvd LLC ("71 Carolyn Blvd") The Marquee Group, Ltd. ("Marquee") Elizabeth Sartorio and Blue Spruce (collectively the "non-bankrupt respondents").

The Court apparently concurred, but then issued an Order directing each side to submit legal authority regarding their respective positions on the automatic stay (see 11 U.S.C. §362).

I write to provide the legal authority supporting my argument.

STRASSBERG & STRASSBERG, P.C.

Page -2-

The automatic stay is not available to non-bankrupt co-defendants of debtor, even if they are in similar legal or factual nexus with debtor. See, In re Lennington, 286 B.R. 672 (N.D. Ill 2001); In re Stewart (Johnson v. Flattau) 329 B.R. 910 (M.D. Ga. 2005); Martime Elec. Co. Inc. v. United Jersey Bank, 959 F.2d 1194, 1205 (C.A.3 (N.J.) 1991). Formal distinctions between debtor-affiliated entities are maintained when applying the stay. see, Maritime supra.

"Extension of an automatic stay to a debtor's co-defendants is only proper in unusual circumstances." (citations omitted) see, Stewart, supra, at p. 914; and it is the debtor's burden to establish that protection's of the stay should be extended to non-debtors or property of non-debtors. see, Lennington, supra, at pp. 674-75.

Claims in the Turnover Proceeding
The turnover proceeding contains claims to set aside fraudulent conveyances which may be grouped as follows:

Group 1- Asset transfers by Burlington to Micropel or Atomergic (and subsequent transferees). These transfers included cash, checks and a division of Burlington later sold to Troy Corp. for more than $6 million. Micropel transferred the proceeds to Atomergic and Mr. and Mrs. Sartorio. Atomergic issued a dividend to Mr. Sartorio. Micropel and Atomergic are owned by Marquee which was owned by Mr. and/or Mrs. Sartorio (Individually and/or jointly).

Group 2 – Asset transfers by Burlington to 71 Carolyn Blvd (and subsequent transferees). Burlington transferred real property to 71 Carolyn Blvd which re-financed the property and ultimately sold the property. After the real property was sold, all known funds remaining in this LLC were distributed to Mr. and Mrs. Sartorio. 71 Carolyn is owned by Marquee.

Group 3 – Asset transfers by Burlington to Marquee. Burlington transferred $1,066,153.84 *directly* to Marquee.

Group 4 – Asset transfer of real property by Elizabeth Sartorio to Blue Spruce.

Claims Subject to Stay (currently)

The Group1 claims are *currently*[1] subject to the automatic stay.

Claims Not Subject to Stay (currently)
The Group 2 claims are not subject to the stay under existing law. Accordingly, immediate entry of an award granting judgment on these claims against 71 Carolyn Blvd, and Mr. and Mrs. Sartorio (as sought in the petition) is appropriate.

---

[1] Since the fraudulent conveyance law permits entry of judgment against a *beneficiary* of the transfer, *without* requiring a judgment against the transferee, Burlington's trustee will be seeking to lift the stay on the Group 1 claims as against respondents Dominick Sartorio, Elizabeth Sartorio, Marquee and Blue Spruce.

{00051542.1}

STRASSBERG & STRASSBERG, P.C.

Page -3-

The Group 3 claims are not subject to the stay under existing law. Accordingly, immediate entry of an award granting judgment on these claims against Marquee is appropriate.

The Group 4 claim is not subject to the stay under existing law. Accordingly, immediate entry of an order directing return of the property to title of Elizabeth Sartorio is appropriate.

Respectfully yours,

s/
Todd Strassberg
TS:fe

cc: All Appearing Respondents –
    Elizabeth Sartorio and Blue Spruce Associates, LLC *via* ecf to counsel of record
    Respondents Micropel Corporation and Atomergic Chemetals Corp. *via* ecf to counsel of record.

{00051542.1}