UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DF

------------------------------------------------------------------------x

JIANGSU CHANGLONG CHEMICALS CO., LTD.,

                         Plaintiff,

-against-

BURLINGTON BIO-MEDICAL CORPORATION
a/k/a BURLINGTON BIO-MEDICAL &
SCIENTIFIC CORPORATION a/k/a BURLINGTON
SCIENTIFIC CORPORATION,

                         Defendant.

------------------------------------------------------------------------x

ROBERT C. FURR Chapter 7 Trustee of
BURLINGTON BIO-MEDICAL CORP.,

                         Petitioner,

-against-

ELIZABETH SARTORIO, DOMINICK SARTORIO,
71 CAROLYN BLVD. LLC, MICROPEL CORP.,
ATOMERGIC CHEMETALS CORP., THE MARQUEE
GROUP, LTD., BLUE SPRUCE ASSOCIATES, LLC, and
BURLINGTON BIO-MEDICAL CORPORATION
a/k/a BURLINGTON BIO-MEDICAL &
SCIENTIFIC CORPORATION a/k/a BURLINGTON
SCIENTIFIC CORPORATION,

                         Respondents.

------------------------------------------------------------------------x

Civ. No. 2:05-CV-2082
(LDW)(WDW)

ORDER AND JUDGMENT
DIRECTING
TURNOVER OF
PERSONAL PROPERTY
AND SEVERING AWARD
OF REASONABLE
ATTONEYS FEES

     Petitioner, having moved by turnover proceeding [see DE 57-63] seeking in its First through Fifth claims for relief, for an Order and Judgment setting aside transfers of personal property to or for the benefit of Respondents Elizabeth Sartorio, Dominick Sartorio, 71 Carolyn Blvd. LLC, Micropel Corp., Atomergic Chemetals Corp. and The Marquee Group, Ltd., and awarding judgments for the value of the property conveyed to, or for the benefit of, the aforesaid

{00054261.1}

respondents in varying amounts, up to $2,014,302.12[1] plus interest from 12/12/05 ("Full Amount of the Judgment") entered herein against Respondent Burlington Bio-Medical Corporation a/k/a Burlington Bio-Medical & Scientific Corporation a/k/a Burlington Scientific Corporation ("Burlington"); and under the Seventh claim for relief, for Reasonable Attorneys' fees pursuant to New York Debtor & Creditor Law § 276-a ("DCL");

And the Magistrate having issued his Report & Recommendations ("R&R") [DE 98] recommending that the Court: "void the fraudulent transfers to Respondents discussed *supra* and award money judgment against the Respondents with the exception of Blue Spruce Associates, as demanded in the Turnover Petition, with interest from the dates of transfer, up to the full amount of the unsatisfied judgment of $2,014,302.12 plus interest from December 12, 2005; and "award reasonable attorney's fees against all respondents other than Micropel and Atomergic under DCL 276-a in an amount to be determined by the court after submission of further documents by the petitioner";

And the Court having considered all papers and pleadings herein and affirmed and adopted the Magistrate's Report & Recommendations [DE 99];

It is hereby ORDERED that:

The determination of the amount of the award of reasonable attorney's fees against all respondents other than Micropel and Atomergic under DCL 276-a in an amount to be determined by the court is hereby severed, and petitioner is directed to file such submission of further documents with Untied States Magistrate Judge William D. Wall; and

---

1 Respondents were direct recipients or beneficiaries of transfers set aside exceeding the full amount of the judgment which acts as a limitation on damages.

{00054261.1}

It is hereby ORDERED and ADJUDGED that:

1. Respondents Elizabeth Sartorio, Dominick Sartorio, 71 Carolyn Blvd LLC, Micropel Corp., Atomergic Chemetals Corp. and The Marquee Group, Ltd., are directed to turnover and deliver to Petitioner $2,014,302.12 plus interest from 12/12/05 (i.e. the Full Amount of the Judgment against Burlington) within 10 days of entry of this order on the docket, and to file proof of compliance (or partial compliance) with this Order via the ecf system; and

2. On failure of Respondents Elizabeth Sartorio, Dominick Sartorio, 71 Carolyn Blvd LLC, Micropel Corp., Atomergic Chemetals Corp. and The Marquee Group, Ltd. to timely comply with this Turnover Order, and file proof of compliance via the ecf system, then Judgment shall be entered in favor of Petitioner against Respondents Elizabeth Sartorio, Dominick Sartorio, 71 Carolyn Blvd LLC, Micropel Corp., Atomergic Chemetals Corp. and The Marquee Group, Ltd. as follows:

(a) for the Full Amount of the Judgment against Burlington, i.e. the principal sum of $2,014,302.12 plus interest from 12/12/05 (at the rate set pursuant to 28 U.S.C. §1961 for the Burlington judgment) in the amount of $229,188.54 for a total of $2,243,491.06 (including prejudgment interest); and

(b) post judgment interest under 28 U.S.C. §1961 shall accrue on this judgment from the date of entry of judgment until the judgment is satisfied.

3. The Clerk of the Court is directed to enter this Judgment in Accordance with the aforesaid.

Dated: July 16, 2008

Hon. Thomas C. Platt
District Judge, United States District Court

{00054261.1}

3